IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DANA EICHER,

        Plaintiff,

v.                                        No. CV 09-1111 RB/RLP

N.M.W.C.F. (C.C.A.),
WARDEN HICKSON,
MEDICAL STAFF,

        Defendants.

MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendants' Motion To Dismiss (Doc. 3). Plaintiff is incarcerated and appears pro se. She was granted leave to proceed in forma pauperis ("IFP") by the state court. Based on attachments to Defendants' notice of removal, Plaintiff will be granted leave to proceed IFP in this action. The motion to dismiss will be denied in part and granted in part.

The complaint asserts two claims. Plaintiff alleges that an unmarked slippery area in a walkway caused her to fall and injure herself. Furthermore, Defendants allegedly denied her adequate medical treatment for her injuries. The complaint contends that Defendants' actions violated Plaintiff's rights under New Mexico tort law and the Eighth Amendment.

In the motion to dismiss Plaintiff's medical treatment claim, Defendants Hickson and Corrections Corporation of America ("CCA") argue that Plaintiff's allegations do not state a claim against them because they "do not provide medical care to inmates." Hickson and CCA refer to CCA's contract with the New Mexico Department of Corrections and assert that Defendant Correctional Medical Services "is solely responsible for providing those [medical] services." Defendants assertions implicate matters outside the pleadings and therefore must be adjudicated under rule 56 of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 12(d).

Defendants also argue that Plaintiff fails to allege that they were personally involved in the denial of medical treatment. This argument is based on the rule against respondeat superior liability under § 1983 for supervisors and entity defendants. *See Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996); *Baker v. Simmons*, 65 F. App'x 231, 234 (10th Cir. 2003). However, in her response (Doc. 9, p. 9), Plaintiff alleges that she spoke with Defendant Hickson about her medical condition but was denied any relief. Under the rule of liberal construction of pro se allegations, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam), it is plausible that Plaintiff has alleged that these Defendants "participated in conduct which caused the constitutional deprivation." *Snell v. Tunnell*, 920 F.2d 673, 700 (10th Cir. 1990), *quoted in Bruner v. Baker*, 506 F.3d 1021, 1026 (10th Cir. 2007). The Court may not properly dismiss this claim on a motion under rule 12(b)(6).

Defendants also argue, correctly, that Plaintiff's allegations of injuries resulting from slipping and falling do not support a § 1983 claim for relief under the Eighth Amendment. *See Reynolds v. Powell*, 370 F.3d 1028, 1031 (10th Cir. 2004). Plaintiff's Eighth Amendment claim for her initial injuries will be dismissed. On the other hand, Defendants make no argument that these allegations fail to support a state tort claim cognizable under this Court's supplemental jurisdiction.

IT IS THEREFORE ORDERED that Plaintiff is GRANTED leave to proceed in forma pauperis in this action;

IT IS FURTHER ORDERED that Defendants' Motion To Dismiss (Doc. 3) is DENIED in part and GRANTED in part; specifically, Plaintiff's Eighth Amendment claim arising from her alleged initial slip-and-fall injuries is DISMISSED.

_____
UNITED STATES DISTRICT JUDGE