IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DANA EICHER,

    Plaintiff,

v.                                                                            Civ. No. 09-1111 RB/RLP

ARLENE HICKSON, Warden, *et al.*,

    Defendants.

<u>MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION</u>[1]

1.     This is a proceeding brought pursuant to 42 U.S.C. § 1983. The case was initially filed in state court and removed to this Court pursuant to 28 U.S.C. § 1331 and § 1441(b). Plaintiff alleges that Defendants were deliberately indifferent to her serious medical needs in violation of the Eighth Amendment. The Court ordered *Martinez* Reports from the Defendants and Plaintiff has filed her response thereto.

2.     Plaintiff alleges that she fell on a slippery floor, suffered a broken arm which, as the Court understands her Complaint, Defendants have refused to treat in a medically responsible way.

3.     In their respective Answers to Plaintiff's Complaint, Defendants allege that Plaintiff failed to exhaust her administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e. In response, Plaintiff submitted to the Court copies of nine informal complaints dated from August 28, 2009 through February, 2010. It is impossible

---

[1] Within 14 days after a party is served with a copy of the Magistrate Judge's Report and Recommendation (R&R) that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to the R&R in the United States District Court. A party must file any objections within the 14-day period allowed if that party wants to have appellate review of the R&R. If no objections are filed, no appellate review will be allowed.

to tell whether these complaints were "properly filed" according the prison procedures. Nevertheless, even assuming that Plaintiff properly exhausted her administrative remedies, her Complaint fails to state a valid claim under § 1983.

4.  To prevail on her Eighth Amendment claim, Plaintiff must prove two elements: (1) objectively, that her medical needs are sufficiently serious; and (2) subjectively, that the prison officials acted with a sufficiently culpable state of mind. *Self v. Crum*, 439 F.3d 1227, 1230-31 (10th Cir. 2006). A medical need is sufficiently serious if it is diagnosed by a physician, or so obvious that even a lay person would recognize the need for medical attention. *Hunt v. Uphoff*, 199 F.3d 1220, 1224 (10th Cir. 1999). A prison official has a sufficiently culpable state of mind if the official "knows of and disregards an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

5.  Assuming, *arguendo*, that Plaintiff's medical needs were serious, a review of the record fails to reveal that prison medical staff knew of and disregarded a risk to her health or safety. Instead, the record indicates that Plaintiff was continually seen and treated by medical personnel for the injury to her arm.

6.  Reviewing the medical records and Plaintiff's complaints as stated in her grievance forms and her Response, indicate either (1) that she disagreed with the treatment given; or (2) that she believes she was given negligent care by a physician. Neither is actionable under § 1983.

7.  Disagreement about the care given is not grounds for an Eighth Amendment violation. *Estelle v. Gamble*, 429 U.S. 97, 107 (1976); *Olson v. Stotts*, 9 F.3d 1475, 1477 (10th Cir. 1993). Medical malpractice does not state a claim under § 1983. *Estelle*, 429 U.S. at 106. If Plaintiff has a claim for medical malpractice, that claim would have to be

pursued in state court. Accordingly, I recommend that Plaintiff's Complaint be dismissed without prejudice.

Recommended Disposition

I recommend that Plaintiff's Complaint be dismissed without prejudice.

_____
Richard L. Puglisi
Chief United States Magistrate Judge